IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHAD M. BUBRICK,

                              Plaintiff

                    VS.                             NO. 5:09-CV-13 (CAR)

DAVID FRAZIER, *et al.*,                   PROCEEDINGS UNDER 42 U.S.C. §1983
                                           BEFORE THE U. S. MAGISTRATE JUDGE

                              Defendants

---

# RECOMMENDATION TO DISMISS

On March 17, 2009, the undersigned entered an order granting the defendants' MOTION FOR A MORE DEFINITE STATEMENT. Tab #15. Therein, the undersigned directed plaintiff CHAD M. BUBRICK to recast his complaint wherein he was to "explain <u>specifically</u> the actions taken by each [defendant] or the duties he or she failed to perform that allegedly violated plaintiff's rights." In addition, plaintiff BUBRICK was to include in his recast complaint an explanation in precise detail as to (a) the nature of his medical problems, (b) what attempts he made to obtain medical care during his confinement at Hancock State Prison, (c) when he made such requests, and (d) the result of those attempts, including any care he actually received. Finally, and in light of the plaintiff's claim that certain consequences befell him from being denied medical care, he was instructed to describe with specificity the nature of those consequences. The order gave plaintiff BUBRICK thirty (30) days from his receipt thereof to comply with the above directives. Moreover, the order explained that if the plaintiff failed to timely respond, the court would presume that plaintiff wished to have his case voluntarily dismissed and, as such, would dismiss the action without prejudice.

Plaintiff subsequently filed a Motion to Amend (Tab #17) attached to which was a document outlining his proposed amendments. These amendments included a request to modify the relief sought from two-million dollars ($2,000,000) to four-million dollars ($4,000,000), a clerical correction of the official position of defendant DAVID BUTTS, and the addition of a fourth defendant, one WARDEN JO HUNDING.

Thereafter, on March 31, 2009, the undersigned entered an order denying the plaintiff's MOTION TO AMEND noting that the document failed to comply with any of the requirements set forth in the court's March 17, 2009 order. Tab #19. In addition, the order reminded the plaintiff that he had until April 20, 2009 to comply with the directives contained in the court's March 17, 2009 order and that failure to do so would result in the dismissal of the instant action.

Plaintiff BUBRICK has, to date, failed to comply with the undersigned's March 17, 2009 order.  In light of this failure, and in accordance with the terms of said order, IT IS RECOMMENDED that this action be DISMISSED.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

The Clerk is directed to serve the plaintiff with a copy of this order by mailing it to him at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED,** this 29th day of MAY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE