IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | : | |
|---|---|---|
| **CHAD M. BUBRICK,** | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 5:09-CV-13 (CAR) |
| v. | : | |
| **DAVID FRAZIER, et al.,** | : | |
| Defendants. | : | |

## ORDER ON MOTION FOR RECONSIDERATION

Currently before the Court are Plaintiff's two *pro se* Motions for Reconsideration [Docs. 28 & 31]. In the first Motion [Doc. 28], Plaintiff asks this Court to reconsider its denial of Plaintiff's motion to enter default judgment against Defendants for an alleged failure to file a responsive pleading to the complaint. In his second Motion [Doc. 31], Plaintiff asks this Court to reconsider the dismissal of this case for failure to comply with the Court's orders directing him to file a recast complaint. For the reasons explained below, Plaintiff's Motion for Reconsideration of the denial to enter default judgment against Defendants [Doc. 28] is **DENIED**, but Plaintiff's Motion for Reconsideration of the dismissal of this case [Doc. 31] is **GRANTED**.

### BACKGROUND INFORMATION

On June 22, 2009, this Court entered an Order adopting the Magistrate Judge's Recommendation to Dismiss this action for Plaintiff's failure to abide by the Court's orders directing Plaintiff to file a recast complaint in accordance with the Court's specific instructions. In his objection to the Recommendation, Plaintiff alleged that he had, in fact, complied with the Court's

orders and filed a recast complaint in accordance with the Court's instructions. He specifically cited to "statement of facts 1-45" and "exhibits A-P" of a recast complaint he thought he had filed with the Court. In its Order, the Court noted that no such complaint existed in the record and thus dismissed the action.

Plaintiff has filed the Motion at bar asking this Court to reconsider its dismissal. Plaintiff provides a "Request for Indigent Postage" form establishing that he submitted his recast complaint through the prison indigent mail system on April 14, 2009, and that the prison mailroom staff verified they mailed the recast complaint to this Court on April 17, 2009. Plaintiff attaches the recast complaint to the Motion.

**DISCUSSION**

A motion for reconsideration seeks to invoke a district court's authority to modify or vacate its prior orders. Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 1322, 1338 (N.D. Ga. 2000). Such a motion, however, "shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Parties . . . may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon, 103 F. Supp. at 1338 (citing McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222 (M.D. Ga. 1997); Paper Recycling v. Amoco Oil Co., 856 F. Supp. 671, 678 (N.D. Ga. 1993)). Rather, appropriate grounds for reconsideration include: (1) intervening change in controlling law, (2) availability of new evidence, and (3) a need to correct clear error or prevent manifest injustice. See Estate of Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989).

Reconsideration of a previous order is "an extraordinary measure and should be applied

sparingly in the interests of finality and conservation of scarce judicial resources." Scelta v. Delicatessen Support Services, Inc., 89 F. Supp. 1311, 1320 (M.D. Fla. 2000) (citation omitted). Nevertheless, a district court, in the exercise of its own discretion, may reconsider or readdress any order prior to the entry of final judgment. See Hardin v. Hayes, 52 F.3d 934, 938 (11th Cir. 1995).

**Reconsideration of Denial of Motion for Default Judgment**

Plaintiff first requests this Court reconsider its Order denying Plaintiff's motion for entry of default judgment against Defendants for their alleged failure to file a responsive pleading in accordance with the Federal Rules of Civil Procedure. Plaintiff's claims, however, are without merit. Defendants are not in default as the record of this case continues to show that, after waiving service, Defendants moved for Plaintiff to provide a more definite statement of his claims. Thus, Plaintiff's Motion is DENIED.

**Reconsideration of Dismissal**

The Court finds that Plaintiff's Motion for Reconsideration of this Court's dismissal of this action is timely filed under Federal Rule of Evidence 59(e),[1] and the action should not be dismissed. Plaintiff has provided new evidence establishing that he did, in fact, send a communication to this Court on April 17, 2009, through the prison's indigent mail system. Plaintiff's claim that such communication was a recast complaint is credible because he has previously referenced the recast complaint using corresponding numbered paragraphs and lettered exhibits. Moreover, the docket reflects that this Court received no communication from Plaintiff between March 30, 2009, and May 22, 2009, further bolstering Plaintiff's claims that he thought the Court had received the recast

---

[1] The Court entered the Order on June 22, 2009, and Plaintiff filed his Motion for Reconsideration on July 6, 2009. Taking into account the Independence Day holiday, Plaintiff's Motion is timely filed.

complaint he sent through the prison indigent mail system at the end of April. Thus, through no fault of the Plaintiff, this Court did not receive the recast complaint that would have prevented dismissal, and Plaintiff should not be so punished.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration of the Court's denial of his motion for default judgment [Doc. 28] is **DENIED.** Plaintiff's Motion for Reconsideration of the Court's dismissal of this case [Doc. 31], however, is **GRANTED**. The recast complaint filed as an attachment to Plaintiff's Motion [Doc. 31-3] hereby supercedes the original complaint and is deemed filed as of the date hereof. This case shall be referred back to the Magistrate Judge.

SO ORDERED this 28th day of July, 2009.

        S/ C. Ashley Royal
        C. ASHLEY ROYAL
        United States District Judge

SSH