IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHAD M. BUBRICK,

                Plaintiff

VS.

DAVID FRAZIER, *et al.*

                Defendants

NO. 5:09-CV-13 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is a motion seeking dismissal of the above-captioned action filed by defendant Darius Binnion. Tab #64. In this motion, defendant Binnion contends that, prior to filing the above-captioned 42 U.S.C. §1983 action, plaintiff Chad M. Bubrick failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Following receipt of this motion, the undersigned ordered and directed plaintiff Bubrick to file a response thereto. Tab #66. The plaintiff filed a response (Tab #75) to which defendant Binnion filed a reply (Tab #79). The motion is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, the plaintiff alleges, *inter alia*, that defendant Binnion unjustifiably wrote him a disciplinary report for insubordination, threw him into a "brick wall while handcuffed," and subsequently placed him in lock down for one week. In response to these assertions, defendant Binnion filed the instant motion seeking dismissal. Therein, he avers that the plaintiff Bubrick failed to exhaust his available administrative remedies prior to filing the instant action. Consequently, and upon this assertion, he argues that the claims against him should be dismissed. The undersigned agrees.

# LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based upon the affirmative defense of failure to exhaust is properly raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. If, in that light, the defendant is entitled to dismissal, the claims and/or complaint must be dismissed. *Id*. See *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

## DISCUSSION

As noted above, defendant Binnion seeks dismissal based on the affirmative defense of failure to exhaust administrative remedies. In support of this assertion, and in addition to a supporting brief, he has submitted the affidavit of Grievance Coordinator Joseph Peal and the applicable sections of the Georgia Department of Corrections Standard Operating Procedures. Relying upon these documents, defendant Binnion avers that plaintiff Bubrick did not file nor exhaust any grievances involving the allegations lodged against him in the Complaint. In response, and with regard to the issue of exhaustion, plaintiff essentially argues that because he appealed the result of the disciplinary proceedings instituted by defendant Binnion, he satisfied his obligations with respect to exhausting administrative remedies. In reply to this argument, defendant Binnion acknowledges that while GDOC policy prohibits the plaintiff from filing a grievance complaining that he received a disciplinary report or disciplinary sanctions, plaintiff has not and cannot point to any provision of any GDOC policy which prohibits him from filing a grievance concerning his complaints of excessive force. Thus, Binnion concludes, the plaintiff's appeals involving the disciplinary proceedings and sanctions are insufficient to satisfy the PLRA exhaustion requirement. Defendant Binnion is correct.

After a careful review of the record in this case, and in accordance with the legal standards set forth above, the undersigned finds that the plaintiff did not file or exhaust any grievance concerning his claims against defendant Binnion prior to filing the instant action. Consequently, it appears that he failed to exhaust his available administrative remedies with respect to these claims.

## **CONCLUSION**

Accordingly, and for the reasons stated above, defendant Binnion's motion seeking dismissal should be **GRANTED** and the claims against him **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 8th day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE