## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| Chad M. BUBRICK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-13 (MTT) |
| David FRAZIER, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Recommendation to Grant (Doc. 122) (the "Recommendation") of United States Magistrate Judge Charles H. Weigle. The Magistrate Judge, having reviewed the Motion for Summary Judgment filed by Defendants Jo Hunding, Lieutenant Darius Binnion,[1] David Frazier, Carl Lift, and David Butts (the "Motion"), recommends granting the Motion because, by providing the Plaintiff with "prompt and continuous medical care and treatment," the Defendants were not deliberately indifferent to the Plaintiff's serious medical needs. The Plaintiff filed an objection to the Recommendation (Doc. 126) (the "Objection"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge. The Motion is **GRANTED**.

The Plaintiff also asserts claims against Defendant RN Boone. However, Defendant RN Boone was not properly served within 120 days after the recast

---

[1] Defendant Binnion was dismissed by order of the Court entered August 10, 2010 (Doc. 104).

complaint was deemed filed (Doc. 35) and she must be dismissed pursuant to Fed. R. Civ. P. 4(m). Accordingly, Defendant RN Boone is **DISMISSED WITHOUT PREJUDICE**.

This Order disposes of all issues and any outstanding motions shall be denied as **MOOT**.[2]

**SO ORDERED**, this the 18th day of March, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Plaintiff filed a Motion for Reconsideration (Doc. 123) and Notice of Constitutional Questions (Doc. 127) regarding the Magistrate Judge's denial of his Motion for Physical Examination (Doc. 121). The Plaintiff claims his physical condition is in controversy pursuant to Fed. R. Civ. P. 35(a) because he was treated for dermatitis herpetiformis ("DH"), but he claims he has celiac disease, which allegedly is more severe. This is a change from his previous position that he suffered from DH (Doc. 106, at 3). Nevertheless, the Plaintiff's attempt to create a controversy is unavailing because DH is a skin manifestation of celiac disease. National Digestive Diseases Information Clearinghouse, Dermatitis Herpetiformis: Skin Manifestation of Celiac Disease, http://digestive.niddk.nih.gov/ddiseases/pubs/dh (last visited Mar. 17, 2011).